ANTONIO BRUNO, Plaintiff and Appellant, *v.* WORKMEN'S RELIEF COMMISSION, Defendant and Appellee.

No. 3586. Argued June 19, 1925.—Decided July 10, 1925.

MASTER AND SERVANT—EMPLOYER'S LIABILITY—LABOR ACCIDENT—MEASURE OF COMPENSATION—DISCRETION.—The Workmen's Relief Commission has discretion to concede or not the limit of the amount allowable to an injured laborer and the compensation is to be measured by the extent of the incapacity suffered rather than by the extent of the injury.

First District Court of San Juan, Charles E. Foote, J. Judgment for the appellee in an appeal from a decision of the Workmen's Relief Commission. *Affirmed.*

*Bolívar Pagán* for the appellant. The *Attorney General* and *C. Llauger Díaz* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the court said in effect that by reason of the contradiction in the evidence, by reason of the lack of proof of incapacity, and because generally the courts will not go against the finding of the compensation commission, the decision of the commission should not be disturbed. We are not convinced that the court below was wrong in saying that courts should generally follow the commission, but if we were so convinced it would still be necessary for the appellant to show that the commission was mistaken. By a reading of the law and our own experience, we are satisfied that the commission has the discretion whether it will or will not concede the limit of the amount allowable

to an injured workman. Section 3, Par. 3, Laws of 1921, p. 476, under Rights of a Workman, says:

"If the laborer is partially disabled for permanent work he shall receive additional compensation of not to exceed twenty-five hundred (2,500) dollars. Compensation shall be graded in proportion to the rate of wages that the laborer earned and the importance of the injury sustained.

"Any permanent injury which does not constitute permanent total disability, such as the loss of an eye, a hand, a foot, or any other injury of a permanent nature which does not wholly disable a laborer for any work in a remunerative occupation, shall be considered as partial permanent disability."

Under this rule compensation, we gather, is to be measured rather by the extent of the incapacity suffered than by the extent of the injury. Notes to *Rayner* v. *Sligh Furniture Co.,* L.R.A. 1916 A, 136 *et seq.*

Here the workman suffered injury to the fingers of his left hand. There was a conflict in the testimony as to whether this injury rendered him totally unfit for work or not.

We find no reason to doubt the evidence of the expert from the Government when believed by the commission and not questioned by the court below. The appellant was awarded fifty-five dollars for partial incapacity, and he does not convince us that he was entitled to more.

The judgment should be affirmed.